UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORNA HRONIS, | : | |
| | : | |
| Plaintiff, | : | NO. 3:09CV789 (MRK) |
| | : | |
| v. | : | |
| | : | |
| EBO LOGISTICS, LLC, | : | |
| GROCERY HAULERS, INC., and | : | |
| NOE RODRIGUEZ, | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

This case arises from the death of Peter Hronis. The Complaint alleges that Defendant Noe Rodriguez was operating a tractor-trailer that collided with Mr. Hronis's vehicle, causing Mr. Hronis's death. Mr. Rodriguez is alleged to be the agent, servant, and employee of Defendants EBO Logistics and Grocery Haulers, Inc., which are alleged to have owned or leased the tractor-trailer in question. Currently pending before the Court is Defendants' Motion to Dismiss [doc. # 21] the Sixth, Fourteenth, and Fifteenth Counts of the Complaint.[1] The Sixth Count, which is based upon Conn. Gen. Stat. § 14-295, seeks to hold EBO Logistics and Grocery Haulers "vicariously liable for the recklessness of their employee, servant, and/or agent, defendant Rodriguez." Complaint [doc. # 1] at 11 ¶ 26. The Fourteenth and Fifteenth Counts seek to hold EBO Logistics and Grocery Haulers liable for reckless entrustment. All claims asserted, including those alleged in the Sixth, Fourteenth, and Fifteenth Counts, are pursued through Connecticut's wrongful death statute, Conn. Gen. Stat. § 52-555. For the reasons stated, the Court GRANTS the Motion to Dismiss [doc. # 21] the Sixth,

---

[1] The original motion was broader but the parties filed a Stipulation that resolved many of the claims in the original Motion to Dismiss. *See* Stipulation [doc. # 28].

Fourteenth and Fifteenth Counts.

In *Matthiessen v. Vanech*, 266 Conn. 822 (2003), the Connecticut Supreme Court addressed whether under Connecticut law, an employer/owner of a vehicle could be held vicariously liable for punitive damages arising from an employee's reckless conduct in operating the vehicle. The Supreme Court held that an "employer is not vicariously liable for punitive damages arising out of the conduct of his employee" and "that under the common-law doctrine, the owner of a motor vehicle is not vicariously liable for punitive damages resulting from the driver's reckless operation of the vehicle." *Id*. at 837, 841 (citations omitted). The court began its analysis by noting that "at common law, there is no vicarious liability for punitive damages." *Id*. at 837. The court then considered whether Conn. Gen. Stat. § 52-183 abrogates the common law and concluded that it did not. Recognizing that the legislature's authority to abrogate the common law is "undeniable," the court nonetheless held that it would "not lightly impute such an intent to the legislature." *Id*. at 838 (quotation marks and citations omitted). According to the Connecticut Supreme Court, nothing in either the language of Conn. Gen. Stat. §52-183 or its legislative history suggested that the legislature intended to displace the common law. While owners and employers can be held vicariously liable for compensatory damages, "§ 53-183 does not abrogate the common-law principle that punitive damages many not be assessed against parties whom the law holds vicariously liable for the acts of others." *Id*. at 843.

Since *Matthiessen*, numerous Connecticut Superior Courts have considered whether Conn. Gen. Stat. § 14-295 makes owners or employers vicariously liable for double and treble damages, and the results are mixed. *Compare Welton v. Ferrara*, No. CV075014334S, 2008 WL 986013, at *6 (Conn. Super. Mar. 18, 2008); *Redding v. Boucher*, No. HHBCV075003381S, 2007 WL

2757364, at *1-*3 (Conn. Super. Aug. 22, 2007) *with Otis v. Montesi*, No. CV075002196, 2008 WL 344733, at *2 (Conn. Super. Jan. 25, 2008); *Goss v. Wright*, No. CV055001164S, 2006 WL 829432, at *1-*2 (Conn. Super. Mar. 15, 2006). Having considered those opinions, this Court is persuaded by those courts that have held that § 14-295 does not abrogate the common-law doctrine prohibiting vicarious liability for punitive damages such as that imposed by § 14-295. The Court says so for two reasons, each of which is founded on the holding in *Matthiessen*. First, there is nothing in the language of § 14-295 that suggests that the legislature intended to abrogate the common-law rule or impose vicarious liability on owner/employers for the conduct of reckless employees. "[B]y its plain language, § 14-295 applies only to an operator of a vehicle, and not to its nonoperating owner. . . . The last sentence of § 14-295, concerning the owner of a rental or leased motor vehicle, does not change this analysis." *Redding*, 2007 WL 2757364, at *1 (internal citation omitted); *see also Welton*, 2008 WL 986013, at *6. Indeed, § 14-295 by its own terms applies only to vehicles *operated* by a defendant. Second, neither party has directed the Court to any legislative history of § 14-295 that indicates the legislature intended to impose vicarious liability for punitive damages or to abrogate the common-law rule against such liability. As the Connecticut Supreme Court held in *Matthiessen*, "Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed." 266 Conn. at 838-39 (internal quotations omitted). That strict standard is not met here. *See Welton*, 2008 WL 986013, at *6.

Ms. Hronis makes an alternative argument, however. She contends that under the common law, as recognized by Connecticut courts, an employer or owner may be held vicariously liable for punitive damages under limited circumstances, as set forth in the Restatement (Second) of Torts

3

§ 909.  For this proposition, Ms. Hronis relies on the Connecticut Appellate Court's decision in *Stohlts v. Gilkinson*, 87 Conn. App. 634 (2005).  In that decision, the Appellate Court explained that *Matthiessen* held that it was improper to award punitive damages "against someone who is innocent and, therefore, only liable vicariously."  *Id*. at 654.  Nonetheless, the Appellate Court applied the following exception from the Restatement:

> Punitive damages can properly be awarded against a master or other principal because of act by an agent if, but only if, (a) the principal or a managerial agent authorized the doing and the manner of the act, or (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the principal or a managerial agent of the principal ratified or approved the act.

*Id*. (quoting Restatement (Second) of Torts § 909 (1979)).  In *Stohlts,* the Appellate Court found credible evidence that the principal was "the person controlling the harassment.  It was his will that was being imposed, and it was his instructions that were being followed. . . [The principal] was not an innocent party in this matter." *Id*. at 654-55.  Therefore, the principal was held liable for punitive damages.

*Stohlts* merely recognizes that there are certain circumstances where the principal is so involved in the acts that give rise to liability that the principal may be held liable for punitive damages.  But in those instances, the principal is not being held "vicariously liable" for the conduct of another.  Instead, the principal is being held liable for its own wrongful conduct.  As the Restatement puts it, "In these cases, punitive damages are granted primarily because of the principal's own wrongful conduct."  Restatement (Second) of Torts § 909 cmt. b.

Here, however, the Sixth Count does not allege wrongful conduct by EBO Logistics or Grocery Haulers.  To the contrary, paragraph 26 of the Sixth Count seeks to make the companies

4

"vicariously liable for the recklessness of . . . defendant Rodriguez." *See* Complaint [doc. #1]. While in her brief, Ms. Hronis makes certain allegations of wrongful conduct by these companies, those allegations are notably missing from the Sixth Count, even taking into consideration the paragraphs that are re-alleged from previous counts. Because the Sixth Count seeks to impose vicarious liability for punitive damages on EBO Logistics and Grocery Haulers for the conduct of Mr. Rodriguez, the count fails to state a claim under Connecticut law. *See Zwicker v. Sabetta*, No. CV075008853S, 2008 WL 544610, at *6 (Conn. Super. Feb. 1, 2008) ("No allegations have been made, however, that Federal Express deliberately or with reckless disregard operated Sabetta's vehicle. Nor have allegations been pleaded that Federal Express authorized Sabetta's alleged reckless behavior, warranting an exception as discussed in *Stohlts*."); *Redding*, 2007 WL 2757364 ("[T]here are no allegations in the challenged count which fall within the exception set forth by the Appellate Court in *Stohlts*."). Accordingly, the Court dismisses the Sixth Count.

The Fourteenth and Fifteenth Counts allege a cause of action against EBO Logistics and Grocery Haulers for reckless entrustment.[2] The difficulty with these claims is that Connecticut Superior Courts have held that Connecticut does not recognize a claim for reckless entrustment, as even Ms. Hronis's brief makes clear. *See, e.g.*, *Anastasia v. Mitsock*, No. CV054012156, 2006 WL 3859230, at *3 (Conn. Super. Dec. 12, 2006) ("[R]eckless entrustment of a motor vehicle is not a legally cognizable cause of action in Connecticut."); *Mullins v. Tuccinardi, Inc.*, No. CV920121700, 1993 WL 242316, at *3 (Conn. Super. June 24, 1993) (granting plaintiff's motion to strike a special defense as to a claim of negligent entrustment of a motor vehicle because that claim a is valid and

---

[2] The Twelfth and Thirteenth Counts allege negligent entrustment, and Defendants do not challenge those claims.

cognizable cause of action; denying plaintiff's motion to strike a special defense as to a claim of reckless entrustment of a motor vehicle because a reckless entrustment claim fails to state a valid cause of action).  While this Court is not bound by those Superior Court decisions in the same way it is bound under *Erie* to follow decisions of the Connecticut Supreme Court and Appellate Court, this Court sees no reason not to follow the reasoning of the courts in *Anastasia* and *Mullins*. Therefore, the Court dismisses the Fourteenth and Fifteenth Counts.

      The Court GRANTS Defendants' Motion to Dismiss [doc. # 21] and dismisses the Sixth, Fourteenth, and Fifteenth Counts.

                        IT IS SO ORDERED.


                    /s/     Mark R. Kravitz
                        United States District Judge


**Dated at New Haven, Connecticut: August 11, 2009**.